DISTRICT JUDGE WARNER, sitting for RETIRED JUSTICE McDONOUGH,
specially concurring.
I concur in the opinion of Justice Hunt that Chapter 714,1991 Mont. Laws 2567, must not be applied to the May 1,1990, preferred provider agreement between respondent Blue Cross and Deaconess Medical Center of Billings. The amendment is substantive, enacting a “willing provider” provision which profoundly affected preferred provider agreements in Montana. As the Legislature did not express its intention to make the amendment’s application retrospective, it must not be so construed by this Court. Section 1-2-109, MCA.
In my opinion, the argument of St. Vincent Hospital that this Court must reverse because the District Court denied discovery of a copy of the agreement at issue must also be addressed.
In the District Court, St. Vincent moved to produce the preferred provider agreement, any correspondence relating thereto, in-house notes concerning the agreement, lists of all participants in the program, and complete financial information concerning the agreement. Blue Cross objected on the grounds the contract was not relevant, much of the requested information was proprietary, and moved for a protective order. Blue Cross also moved for summary judgment. St. Vincent moved to compel production of the demanded information.
The District Court denied the requested discovery, including the preferred provider agreement, until after it ruled on the motion for summary judgment. As Blue Cross was granted summary judgment, none of the information demanded was produced.
St. Vincent complained bitterly in the District Court, in its briefs to this Court, on oral argument here, and even in a “Motion to Clarify Record” submitted after oral argument, that it was never allowed to examine a copy of the preferred provider agreement at issue, and thus was placed at an unfair disadvantage in arguing that the 1991 statutory amendment applied to such agreement.
The rules concerning discovery are broad and liberal.
*63 Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party .... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Rule 26(b)(1), M.R.Civ.P.
That the preferred provider agreement is relevant to this lawsuit cannot be gainsaid. The contract is the basis of the lawsuit. Whether it exists, falls within the type of agreement allowed by the statutes, or contains provisions which contemplate the demand by St. Vincent to match its terms, are all relevant considerations. Further, the provisions of the agreement could suggest other avenues of attack on its validity, such as the anti-trust laws. As the complaint prays for whatever relief may be appropriate, the discovery demand for the agreement’s production is reasonably calculated to lead to the discovery of admissible evidence.
The District Court has the ability to protect proprietary information that may be in the agreement.
Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research development, or commercial information not be disclosed or be disclosed only in a designated way....
Rule 26(c), M.R.Civ.P.
All information concerning the existence of the agreement, its date, parties, term, provisions, and effect come from the affidavits of employees of Blue Cross, which affidavits cannot be cross-examined or disputed. What information Blue Cross chooses to reveal comes into the record piecemeal, at the convenience of, and in words chosen by, Blue Cross. On the surface, it appears impossible for St. Vincent to dispute what is revealed, or to compare and cross-reference such information with other parts of the agreement, as the contract which is the very basis of the lawsuit is not produced.
However, the record before this Court confirms the statement of counsel for Blue Cross on oral argument that, in fact, St. Vincent had available to it, without the necessity of court order, a copy of the preferred provider agreement. Attachments to the affidavit of a Blue *64 Cross vice president, submitted to the District Court, indicate that Blue Cross did seek and obtain the permission of the other contracting party, Deaconess Medical Center, to release to St. Vincent a complete copy of the preferred provider agreement so it could determine what rights it might have under the amended law. Blue Cross then informed St. Vincent that access to an excerpted copy of the agreement was available.
Blue Cross did demand to withhold some pricing and other information which could cause a competitive detriment.
The record is devoid of any indication that St. Vincent took advantage of its opportunity to examine the agreement. It rather continued in its demand that information with an allegedly commercial value be provided along with the contract in question. This leads to the conclusion that it was really commercially valuable information which was sought.
Thus, while the District Court should have partially granted the motion to compel, allowing St. Vincent to have a copy of the preferred provider agreement, there was no substantial harm caused by not doing so.
A further cause of serious concern not addressed in the majority opinion is the information revealed by Blue Cross for the first time in oral argument that the preferred provider agreement is self-perpetuating. Apparently, if neither party gives notice to terminate, the agreement is automatically renewed year after year. However, the 1993 Legislature amended the applicable statute to provide that any preferred provider agreement which is renewed after March 26,1993, must give all health care providers the opportunity to participate on the basis of a competitive bid. Section 33-22-1704(3), MCA.
Blue Cross conceded at oral argument that the agreement which is the subject of this case is subject to the 1993 amendment. Also, St. Vincent can demand the opportunity to bid, and litigate the issue if it is denied that opportunity. Therefore, remand for consideration of the new information is not required.
For these reasons, in addition to those stated by Justice Hunt, I would affirm the District Court.
JUSTICE WEBER concurs in the foregoing special concurrence.
CHIEF JUSTICE TURNAGE concurs in the specially concurring opinion of DISTRICT JUDGE WARNER.